```
                UNITED STATES DISTRICT COURT              FILED
                 WESTERN DISTRICT OF TEXAS              January 21, 2026
                    SAN ANTONIO DIVISION              CLERK, U.S. DISTRICT COURT
                                                     WESTERN DISTRICT OF TEXAS
```

JORGE LUIS IBARRA MONREAL, §
§                             BY: _____RR_____
Petitioner, §                                    DEPUTY
§
v. §
§    NO. SA-26-CV-104-OLG
KRISTI NOEM, Secretary of the §
United States Department of Homeland §
Security, *et al.*, §
§
Respondents. §

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jorge Luis Ibarra Monreal's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents have responded (Dkt. No. 6).

The relevant facts in this case are not in dispute. Petitioner is a citizen of Mexico who entered the United States without inspection in 2019. (*See* Dkt. No. 1 ¶¶ 6, 46.) This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, thus, entitled to a bond hearing before an immigration judge. (*See* Dkt. No. 1 ¶¶ 9, 27–29; Dkt. No. 6 at 2–3.)

Having already resolved this question against Respondents' position in other habeas cases, the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. (Dkt. No. 3.) On January 21, 2026, Respondents filed an abbreviated response, advising that "the common question of law between this case and those rulings would control the result in this case

should this Court follow its legal reasoning in its prior decisions." (Dkt. No. 6 at 1–2.) As such, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days. *See Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Dkt. No. 13 (W.D. Tex. Dec. 4, 2025); *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15, 2025); *see also Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex. Nov. 17, 2025); *Moradi v. Thompson*, No. SA-25-CV-1470-OLG, Dkt. No. 11 (W.D. Tex. Dec. 18, 2025).

Petitioner Jorge Luis Ibarra Monreal's Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below, or release him. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on January 21, 2026.

ORLANDO L. GARCIA
United States District Judge